Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

May 23, 2008

**Appeal Number: 07-13378-GG**
Case Style: USA v. Moses Pennic, III
District Court Number:  06-00014 CR-W-N

TO:   Debra P. Hackett

CC:   Donnie Wayne Bethel

CC:   Patricia Vanessa Kemp

CC:   Christopher A. Snyder

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 23, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-13378-GG**
Case Style: USA v. Moses Pennic, III
District Court Number: 06-00014 CR-W-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: One Sealed Envelope and One psi
    Original record on appeal or review, consisting of: Two Volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 07-13378

District Court Docket No.
06-00014-CR-W-N

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Apr 24, 2008
THOMAS K. KAHN
CLERK
```

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

MOSES PENNIC, III,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:   April 24, 2008
For the Court:   Thomas K. Kahn, Clerk
By:   Gilman, Nancy

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia



ISSUED AS MANDATE
MAY 23 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 07-13378
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 24, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00014-CR-W-N

UNITED STATES OF AMERICA,

                                               Plaintiff-Appellee,

versus

MOSES PENNIC, III,

                                               Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

**(April 24, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Moses Pennic, III, appeals his sentence of 12 months and one day for possession with intent to distribute cocaine and marijuana, 21 U.S.C. § 841(a)(1).[1] No reversible error has been shown; we affirm.

Pennic first challenges the enhancement to his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the commission of his offense. "For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error. United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006), cert. denied, 127 S.Ct. 2446 (2007).[2] If a defendant possessed a weapon during a drug trafficking offense, a two-level increase is warranted. U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). The government has the burden of demonstrating the proximity of the weapon to the site of the charged offense by preponderance of the evidence. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). If the government meets its burden, the burden

---

[1]Pennic also was charged with carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c); but the district court later dismissed this count on the government's motion based on Pennic's guilty plea and cooperation.

[2]At the outset, we note that we address the merits of Pennic's appeal even though his plea agreement contained a sentence appeal waiver. The government has not raised the issue of waiver, but instead, has addressed the merits of the appeal. And the application of the waiver is not outcome determinative. See United States v. Valnor, 451 F.3d 744, 745 n.1 (11th Cir. 2006).

shifts to the defendant to demonstrate that a connection between the weapon and the offense was clearly improbable. Id.

Here, the district court properly applied the firearm enhancement to Pennic's sentence. The government demonstrated -- and Pennic admitted -- that a gun was present in his car in the same area where drugs and drug paraphernalia were discovered during a routine traffic stop. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that a fact is deemed admitted when a defendant fails to object to a factual statement in the presentence investigation report). The government was not required to prove that the gun was used to aid in the offense or that its possession was illegal. See Audain, 254 F.3d at 1289. And Pennic failed to meet his burden of demonstrating that a connection between the gun and the drugs clearly was improbable. For the district court to apply the section 2D1.1(b)(1) enhancement to Pennic's sentence was not clearly erroneous.[3]

We now turn to Pennic's argument that his sentence is unreasonable because the district court did not consider sufficiently his post-arrest drug

---

[3] Pennic's reliance on Stallings, where we vacated a district court's application of a section 2D1.1(b)(1) enhancement because the government provided no evidence that guns discovered in defendant's home -- where no activities about the drug conspiracy took place -- belonged to him or were connected to the conspiracy, is misplaced. See 463 F.3d at 1221. Here, Pennic produced proof of his ownership of the gun, and the gun was discovered next to the drugs. We also reject Pennic's argument that the dismissal of the section 924(c) charge militates against application of the enhancement because a higher standard of proof is required to sustain a section 924(c) conviction than a section 2D1.1(b)(1) enhancement.

3

rehabilitation. We review his sentence for reasonableness in the light of the factors set out in section 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).[4] Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, and just punishment, policy statements of the Sentencing Commission, provision for the medical, educational, and corrective needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Pennic's sentence is reasonable. The district court correctly calculated the Guidelines range as 8 to 14 months[5] and sentenced Pennic to the upper end of that range, but well below the 20-year statutory maximum. See 21 U.S.C. § 841(b)(1)(C); Talley, 431 F.3d at 788 (noting that "ordinarily we

---

[4] In addition, reasonableness review employs an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

[5] After calculating the Guidelines range, the district court granted the government's motion for a two-level downward departure based on Pennic's cooperation, U.S.S.G. § 5K1.1.

would expect a sentence within the Guidelines range to be reasonable"); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). The district court also considered the section 3553(a) factors in determining Pennic's sentence; the court specifically balanced the seriousness of Pennic's offense and the need to impose appropriate punishment against Pennic's commendable drug rehabilitation, educational, and family endeavors.[6] See § 3553(a)(1), (2)(A), (D). The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant). And the weight given to a section 3553(a) factor is within the sound discretion of the district court; "[w]e will not substitute our judgment in weighing the relevant factors." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007), abrogated in part on different grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007).

---

[6]In fact, the court noted that, based on testimony about Pennic's rehabilitation efforts, it imposed a lower sentence than it otherwise would have. Thus, Pennic's argument that the court did not sufficiently consider this factor is belied by the record.

5

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Pennic has not carried his burden of showing that his sentence was unreasonable.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: /s/ [signature]
Deputy Clerk
Atlanta, Georgia